IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-02227-WJM-KLM

WILDEARTH GUARDIANS,

      Plaintiff,

  v.

LISA P. JACKSON, in her official capacity as
Administrator, United States Environmental
Protection Agency,

      Defendant.

## CONSENT DECREE

This Consent Decree ("Consent Decree") is entered into by Plaintiff WildEarth Guardians ("Plaintiff" or "WildEarth") and by Defendant Lisa P. Jackson, Administrator of the United States Environmental Protection Agency ("Defendant" or "EPA").

WHEREAS, Plaintiff filed this action pursuant to Section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that Defendant Lisa P. Jackson, Administrator of the United States Environmental Protection Agency, failed to perform a duty mandated by CAA section 505(b)(2), 42 U.S.C. § 7661d(b)(2), to grant or deny, within 60 days, an administrative petition ("Petition") submitted by Plaintiff.  The Petition requested that EPA object to a Title V Operating Permit issued by the Colorado Department of Public Health and Environment, Air Pollution Division, to CF&I Steel, d/b/a EVRAZ Rocky Mountain Steel, to operate its steelmaking facility in Pueblo, Colorado ("Permit");

WHEREAS, Plaintiff and EPA (collectively, the "Parties") wish to effectuate a settlement of the above-captioned case without expensive and protracted litigation, and without a litigated resolution of any issue of law or fact;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of the claims in the above-captioned case and consent to entry of this Consent Decree; and

WHEREAS, the Court, by entering this Consent Decree, finds that this Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 *et seq*.

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has subject matter jurisdiction over the claims set forth in the Complaint related to Plaintiff's Petition on the Permit and to order the relief contained in this Consent Decree. Venue is proper in the United States District Court for the District of Colorado.

2. By May 31, 2012, or within 30 days of the entry date of this Consent Decree, whichever date is later, EPA shall sign its response to the Petition. Within 15 days following signature of such response, EPA will deliver notice of such action on the Petition to the Office of the Federal Register for publication.

3. The United States agrees to pay Plaintiff as full settlement of all claims for attorney's fees, costs, and expenses incurred in this litigation through the date of lodging this Consent Decree, under any authority, the sum of $ 2,535.00, as soon as

reasonably practicable following entry of this Consent Decree, by electronic funds transfer to a bank account identified by Plaintiff. Plaintiff agrees to accept $ 2,535.00 in full satisfaction of any and all claims for costs and attorney's fees with respect to this case, except that Plaintiff reserves the right to seek fees pursuant to 42 U.S.C. § 7604(d) for any additional work performed after the lodging of this Consent Decree, including costs and attorney's fees for enforcement of the Consent Decree in the future. Nothing in this Paragraph shall be construed as an admission or concession by EPA that Plaintiff is entitled to or eligible for recovery of any costs or attorney's fees, and EPA reserves all defenses with respect to any future fee claim. The amount of attorney's fees or rates under this Paragraph shall have no precedential value in any future fee claim.

4.  Any provision of this Consent Decree may be modified by (a) written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of any Party to this Consent Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving Party.

5.  Plaintiff and EPA shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

6.  Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any responses or final actions contemplated by this Consent Decree.  EPA's obligation to perform the actions specified by Paragraph 2 by the time specified therein does not constitute a limitation or modification of EPA's discretion

within the meaning of this paragraph.

7. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the Permit.

8. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any final decision made by EPA pursuant to this Consent Decree.  Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to CAA section 307(b)(1) and 505, 42 U.S.C. §§ 7607(b)(1), 7661d.  Nothing in this Consent Decree shall be construed to waive any remedies or defenses the Parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

9. The Parties recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

10. Any notices required or provided for by this Consent Decree shall be made in writing, via facsimile or other means, and sent to the following:

<u>For Plaintiff</u>:

ASHLEY D. WILMES, Esq.
WildEarth Guardians
827 Maxwell Avenue, Suite L

Boulder, CO 80304
(859) 312-4162
awilmes@wildearthguardians.org

JAMES J. TUTCHTON, Esq.
WildEarth Guardians
6439 East Maplewood Avenue
Centennial, CO 80111
(720) 301-3843
jtutchton@wildearthguardians.org

For Defendant:

DANIEL PINKSTON
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1804
Fax: (303) 844-1350
daniel.pinkston@usdoj.gov

MELINA WILLIAMS
Office of General Counsel
U.S. EPA
Mail Code 2344A
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460
(202) 564-3406
Fax: (202) 564-5603
williams.melina@epa.gov

SARA LAUMANN
Office of Regional Counsel
USEPA Region 8
1595 Wynkoop Street
Mail Code: 8RC
Denver, CO 80202-1129
(303) 312-6443
Fax: (303) 312-6859
laumann.sara@epa.gov

11. In the event of a dispute among the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within ten business days after receipt of the notice, any Party may move the Court to resolve the dispute.

12. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be properly filed unless Plaintiff has followed the procedure set forth in Paragraph 11, and provided EPA with written notice received at least ten business days before the filing of such motion or proceeding.

13. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to rule upon any motions filed in accordance with Paragraph 4 of this Consent Decree, and to resolve any disputes in accordance with Paragraph 11 of this Consent Decree. When EPA's obligations under Paragraphs 2 and 3 have been completed, this case shall be terminated and the case dismissed with prejudice. The Parties may either jointly notify the Court that the Consent Decree should be terminated and the case dismissed, or EPA may so notify the Court by motion, and Plaintiff shall have twenty days in which to respond to such motion.

14. The Parties agree and acknowledge that before this Consent Decree could be finalized and entered by the Court, EPA had to provide notice in the Federal Register and an opportunity for comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). The record shows that the EPA did so and has now moved the Court for entry of this Consent Decree.

15.  It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiff and EPA and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

16.  The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Consent Decree.

Dated this 10th day of April, 2012.

BY THE COURT:

William J. Martínez
United States District Judge

SO AGREED:

FOR PLAINTIFF:

 /s/ Ashley D. Wilmes
ASHLEY D. WILMES, Esq.
WildEarth Guardians
827 Maxwell Avenue, Suite L
Boulder, CO 80304
(859) 312-4162
awilmes@wildearthguardians.org

JAMES J. TUTCHTON, Esq.
WildEarth Guardians
6439 East Maplewood Avenue
Centennial, CO 80111
(720) 301-3843
jtutchton@wildearthguardians.org

FOR DEFENDANT:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

By:   /s/ Daniel Pinkston
DANIEL PINKSTON
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844-1804
daniel.pinkston@usdoj.gov

DATED: January 17, 2012

JOHN WALSH
United States Attorney
STEPHEN TAYLOR
Assistant United States Attorney
District of Colorado
1225 Seventeenth Street, Suite 700
Denver, CO 80202
(303) 454-0100
stephen.taylor@usdoj.gov

Of Counsel for Defendant:

MELINA WILLIAMS
Office of General Counsel
U.S. EPA
Mail Code 2344A
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460
(202) 564-3406

SARA LAUMANN
Office of Regional Counsel
USEPA Region 8
1595 Wynkoop Street

Mail Code: 8RC
Denver, CO 80202-1129
(303) 312-6443